## Fish et al. *versus* Keeney et al.

A feigned issue should be framed between the opposing claimants of the money, so far as they are known to the court. It was error to make a garnishee a party to the issue, and subject him to the expenses and costs, when he made no claim to the fund and was in no default.

June 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. · WOODWARD, J., absent.

Error to the Court of Common Pleas of *Tioga county:* Of May Term 1879, No. 32.

This was a feigned issue wherein Richard Keeney and Simeon Cady were plaintiffs, and Joseph Fish and C. H. Seymour, garnishee of C. B. Spencer, were defendants. The facts are sufficiently stated in the opinion of this court.

*A. J. Herr* and *J. M. Weistling*, for plaintiffs in error.—On this judgment how is the right of the garnishee to recover costs, and against the payment of costs protected, if, according to the evidence and his answers in the cases pending, he is holding this money as a stakeholder, subject to the determination of the court in a proper case: Act of April 22d 1863, Bright. Dig. 642 ; Hall, Assignee of Keeler, *v.* Knapp, Garnishee of Farnum, 1 Barr 214.

*H. Sherwood, J. B. Niles* and *M. F. Elliott*, for defendants.— It would have been impossible for the court to have so framed an issue as to protect Mr. Seymour absolutely against all the world. As the issue was framed, Keeney and Cady were obliged to show affirmatively that the money belonged to them, and that was as favorable as Seymour had a right to require.

[Fish *v.* Keeney.]

Mr. Justice MERCUR delivered the opinion of the court, October 9th 1879.

This was a feigned issue. It was framed under the following circumstances: Fish held a judgment against Spencer, and issued an attachment-execution thereon against Seymour as garnishee of Spencer. In answer to interrogatories served on him, Seymour stated he had the sum of $835.25 in his hands, which was claimed by Spencer, and also by Richard Keeney and Simeon Cady. It also appears to have been claimed by B. L. Knight, administrator of John Benson. Seymour submitted to the court to determine the rights of the respective claimants. Thereupon the court ordered an issue to be framed, wherein Keeney and Cady should be plaintiffs, and Fish and Seymour defendants.

It appears that the money had been placed in the hands of Mr. Seymour, by the defendants in error, for Spencer, on an agreement in the settlement of a prosecution commenced by Spencer against one Ira Keeney. The settlement also included an agreement in regard to the purchase by Spencer of some real estate about to be sold at sheriff's sale, as the property of said Ira, and a subsequent conveyance thereof to the defendants in error. The parties to the agreement afterwards disagreed as to its terms. At first Spencer refused to accept the money; but when he afterwards desired to take it, the defendants in error forbade its payment to him. He thereupon forbade its payment to them. It also appears that after the purchase of the land at sheriff's sale by Spencer, he, in alleged violation of his agreement, sold it to one John Benson. The title thus acquired being questionable, in view of the alleged trust in Spencer, Knight, administrator of Benson, also claimed the money, and gave Mr. Seymour notice not to pay it over to the other claimants. Thus the facts are succinctly these: Mr. Seymour admitted the money to be in his hands. He made no claim to it, and was ready to pay it over to whomsoever the court should adjudge was entitled thereto. Fish claimed it by virtue of his attachment, as the property of Spencer; Keeney, Cady and Knight severally claimed it by right paramount to Spencer's. The issue should have been formed between the opposing claimants of the money, so far as they were known to the court. The garnishee should not have been made a party to the issue. He should not have been subjected to the expenses and costs of a suit when he made no claim to the money, and was in no default. The injustice resulting to him by being made a party to the issue, is shown by the fact that he was thereby subjected to a large bill of costs, although the sum for which the verdict was rendered against him, is the precise amount he admitted to be in his hands, and was at all times ready to pay. Still further. The Act of 22d April 1863, Purd. Dig. 642, pl. 42, declares that after issue joined in any attachment-execution, if the garnishee shall not be found to have

[Fish *v.* Keeney.]

in his possession property, or owe debt to the defendant, other than such as he shall have already admitted by his plea or answers, the garnishee shall be entitled, in addition to the costs already allowed by law, to a reasonable counsel fee out of the property in his hands. This issue, ordered to ascertain facts which his answers neither affirmed nor denied, and the verdict and judgment resulting therefrom, deprived him of the benefit of this statute. Then as to Fish, who was made a co-defendant with Seymour. The verdict and judgment are against them jointly. If it shall be found that Seymour is unable to pay it, the property of Fish will be liable to execution therefor, although he never had a cent of the money in his hands. The fact that the judgment might produce such a result shows the error therein, and in the formation of the issue which led to it. No fact is shown to justify the court in ordering the attaching creditor and the garnishee to unite as one party in the issue, nor in entering a joint judgment against them thereon. By either paying the money into court, or by averring his willingness and readiness so to do, he should be protected against all costs of litigation between the claimants: Good *v.* Grant, 26 P. F. Smith 52.

In so far as the errors covered by the second and eleventh assignments are in conflict with the views we have expressed, the assignments are sustained. This conclusion being fatal to the judgment, it is unnecessary to consider the other matters, which may not hereafter arise, and if they do, will be between other parties.

> Judgment reversed, and issue set aside, with instructions to the court, on application, to order such an issue to be formed between the parties claiming the fund as it shall deem necessary to determine their rights thereto.